## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES TYLER SCHUHARDT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 12-cv-760-GPM-DGW |
| v. | ) | |
| | ) | |
| PFIZER, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT PFIZER INC'S RESPONSE IN OPPOSITION
### TO PLAINTIFFS' MOTION TO REMAND

Defendant Pfizer Inc respectfully submits this memorandum in opposition to Plaintiffs' motion to remand.

### PRELIMINARY STATEMENT

In their motion to remand, Plaintiffs do not dispute that: (1) complete diversity exists as to 38 of the 39 Plaintiff families; (2) the only New York Plaintiff, Plaintiff Reeves, as to whom diversity is lacking, has not pled a wrongful death cause of action, which would be the only claim on which she might proceed against Pfizer; and (3) even if Plaintiff Reeves had pled a wrongful death claim, it would be subject to a two-year statute of limitation, which expired in approximately November 2007. With respect to Pfizer's argument that Plaintiff Reeves has thus been fraudulently joined and should be disregarded for purposes of evaluating diversity jurisdiction, Plaintiffs ask this Court to find that Plaintiff Reeves should be found to have a colorable wrongful death claim against Pfizer even though she has not pleaded such a claim in the Complaint and even though New York courts have made clear that the doctrine of fraudulent concealment does not apply to toll claims like hers.

Plaintiffs do not and cannot, however, provide any persuasive, much less controlling, authority to support their contention that this Court should disregard the fraudulent joinder of Plaintiff Reeves. By contrast, Pfizer has identified multiple authorities, including Seventh

Circuit decisions, none of which Plaintiffs even attempt to address, confirming that Plaintiff Reeves is fraudulently joined and does not destroy diversity as to the remaining Plaintiff families.

First, as Pfizer set forth in its notice of removal and Plaintiffs do not dispute, the Seventh Circuit requires the Court, in evaluating fraudulent joinder, to consider only the claims actually pled in the Complaint at the time of removal.  Here, Plaintiff Reeves purports to recover on behalf of her decedent, but the Complaint does not plead a claim under the wrongful death statute of New York or any other state, a prerequisite for asserting such a claim for recovery. Rather, it only sets forth causes of actions for products liability, negligence, and violation of consumer protection laws.  Indeed, Plaintiffs concede that they have not asserted a wrongful death claim, and their argument relies solely on the fiction that they have or that they should be permitted to thwart diversity jurisdiction based on an amendment to their Complaint that they have not made or been permitted to make.  Under *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992), this Court should decline to read into their Complaint a cause of action that does not exist and should find that Plaintiff Reeves has been fraudulently joined for this reason alone.

Second, even if Plaintiff Reeves had pled a wrongful death claim or were permitted to amend the Complaint (and she should not be), such a claim would have been barred by New York's two-year statute of limitations, which began to run at the time of the decedent's death in November 2005 (the Complaint was not filed until June 6, 2012).  Indeed, the Seventh Circuit has held that the fraudulent joinder doctrine applies where, as here, the pleadings establish that a claim would be barred by the statute of limitations.  *See LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998).  Plaintiffs do not even acknowledge this authority.

Plaintiff Reeves's only argument in response to the statute of limitations bar to her (unpled) wrongful death claim is that it should not apply because New York has a limited tolling doctrine where a plaintiff can plead and show fraudulent concealment.  However, fraudulent concealment has not been pled in this case, and does not apply to toll Plaintiff Reeves's claims, for three independent reasons:  (1) the Complaint does not allege facts to support fraudulent concealment with the requisite particularity; (2) Plaintiff Reeves does not allege conduct that

would constitute fraudulent concealment beyond the alleged wrongdoing upon which Plaintiffs' claims are founded; and (3) Plaintiff Reeves has not alleged or otherwise identified any conduct accompanied by the requisite intent to prevent her from timely filing her claim. As such, even if Plaintiff Reeves had pled a wrongful death claim, it would be time-barred. For this reason too, Plaintiff Reeves was fraudulently joined, and removal was proper.

Finally, there is an independent basis for federal subject-matter jurisdiction here because Plaintiff Felicia Gray has filed a bankruptcy action that is currently pending in federal court, a fact Plaintiffs do not dispute. Plaintiff Gray's claims are "related to" her pending bankruptcy action because any potential monetary recovery in this case would directly increase the value of her bankruptcy estate, and therefore jurisdiction arises under 28 U.S.C. §§ 1334(b) and 1452.

## BACKGROUND

Plaintiffs filed their action against Pfizer in the Illinois Circuit Court for St. Clair County on June 6, 2012, and served Pfizer with summons on June 19, 2012. Pfizer is a Delaware corporation with its principal place of business in New York. None of the Plaintiffs are citizens of New York except for Evelyn Reeves. (*See* Pfizer's Not. of Removal [Dkt. No. 1] ¶¶ 6-44.) The remaining Plaintiffs are citizens of Indiana, Louisiana, Virginia, Tennessee, Florida, Alabama, Kansas, North Carolina, Illinois, Oklahoma, Oregon, New Mexico, Ohio, Pennsylvania, Texas, Utah, Nebraska, and Washington. (*See id.*)

Plaintiff Reeves has brought claims "as the mother and personal representative of Decedent Olivia Reeves." (Compl. ¶ 33.) She alleges that her daughter "was born and died on November 20, 2005" and had experienced "heart defects and genital malformation." (*Id.*) Like the other Plaintiffs, Plaintiff Reeves alleges three causes of action against Pfizer – products liability, negligence, and violation of consumer protection laws. (*See id.* ¶¶ 80-127.) Plaintiff Reeves does not invoke the wrongful death statute of any jurisdiction.

Complete diversity existed between the parties but for the fraudulent joinder of Plaintiff Reeves because she could not recover under any of the causes of actions pled in the Complaint and, regardless, any wrongful death claim that might have been pled would have been barred by

the applicable statute of limitations.   Accordingly, as there was complete diversity and the amount in controversy exceeded $75,000,[1] Pfizer removed this case to this Court on June 29, 2012. On that same day, Pfizer filed a motion to stay this action pending MDL transfer.

Upon removal, Pfizer filed a notice of tag-along action with the JPML identifying this action as suitable for transfer to *In re Zoloft (Sertraline Hydrochloride) Products Liability Litigation*, MDL No. 2342 (E.D. Pa.), which is pending in the Eastern District of Pennsylvania. There, Honorable Cynthia M. Rufe is overseeing pretrial coordination of more than 140 federal actions alleging birth defects due to Zoloft. On July 5, 2012, the JPML issued a Conditional Transfer Order ("CTO") finding this action subject to transfer to the MDL. Plaintiffs have filed a notice of intent to vacate the CTO and a briefing schedule has been set by the JPML.

## ARGUMENT

### I.   Diversity Jurisdiction Exists Because the Only Non-Diverse Plaintiff Was Fraudulently Joined

#### A.   The Fraudulent Joinder Doctrine Is a Well-Recognized Exception to the Complete Diversity Requirement and Provides an Independent Basis for Removal Jurisdiction in This Case

The Court should deny Plaintiffs' motion and retain jurisdiction. As the Supreme Court has long recognized, "Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907); *accord Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009). In particular, where the claims pertaining to a party are "utterly groundless," the Seventh Circuit has held that

---

[1] Plaintiffs here have not disputed Pfizer's assertion in its Notice of Removal that more than $75,000 is in controversy, and therefore that fact can be deemed undisputed and admitted for purposes of this motion to remand. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921). In any case, where plaintiffs allege that they suffer from serious bodily injuries, such as those alleged in this case, courts have readily found that the amount-in-controversy requirement is satisfied. *See, e.g., In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:11-cv-20153-DRH-PMF, 2012 U.S. Dist. LEXIS 65404, at *21-22 (S.D. Ill. May 10, 2012); *Gilmore v. Bayer Corp.*, No. 09-986-GPM, 2009 U.S. Dist. LEXIS 115375, at *13 (S.D. Ill. Dec. 10, 2009) (Murphy, J.).

the non-diverse party should be considered fraudulently joined and disregarded for purposes of assessing diversity jurisdiction. *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011).

In determining whether a complaint properly states a claim against a non-diverse party for purposes of fraudulent joinder, a court must inquire whether a claim "'is plausible on its face.'" *Johnson v. DePuy Orthopaedics, Inc.*, No. 1:11 dp 21813, 2012 U.S. Dist. LEXIS 74450, at *7-9 (N.D. Ohio May 30, 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When making that determination, a court must only consider the allegations pled in the complaint as of the time of removal and should not speculate about facts or claims that plaintiff failed to plead. *See Poulos*, 959 F.2d at 74.

A party is fraudulently joined, for example, where "'the plaintiff fails to state a cause of action'" in her complaint, and the "'failure is obvious according to the settled rules of the state.'" *Bodine's Inc. v. Fed. Ins. Co.*, 601 F. Supp. 47, 49 (N.D. Ill. 1984) (citation omitted). Another example of fraudulent joinder recognized by the Seventh Circuit is where "the time to bring the cause of action had expired" due to the applicable statute of limitations. *LeBlang Motors*, 148 F.3d at 690; *accord In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2006).

In their motion to remand, Plaintiffs mistakenly argue – without any support whatsoever – that the issue of whether Plaintiff Reeves has been fraudulently joined "has no bearing on the existence of federal jurisdiction and the rules governing joinder cannot be employed, as Defendants contend, to enlarge the scope of such jurisdiction." (Pls.' Br. at 7-8.) Contrary to Plaintiffs' unsupported assertion, and as demonstrated by a long line of cases, the doctrine of fraudulent joinder is a well-recognized "exception to the requirement of complete diversity." *Walton*, 643 F.3d at 999; *see, e.g., Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914); *Wecker*, 204 U.S. at 185-86. Indeed, the portions of the Southern District of Illinois cases quoted in Plaintiffs' brief (*see* Pls.' Br. at 8) were referring to the legally distinct doctrine of fraudulent *mis*joinder, not fraudulent joinder.[2] *See Rutherford v. Merck & Co.*, 428 F. Supp.

---

[2] In their brief, Plaintiffs repeatedly conflate and confuse the standard for fraudulent joinder with fraudulent misjoinder. (*See* Pls.' Br. at 4-5 (discussing the standard for joining claims that "arise out of
*(cont'd)*

2d 842, 850-52 (S.D. Ill. 2006) (Murphy, J.); *Bavone v. Eli Lilly & Co.*, No. 06-153-GPM, 2006 WL 1096280, at *3 (S.D. Ill. Apr. 25, 2006) (Murphy, J.).

The Seventh Circuit case Plaintiffs cite, *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407 (7th Cir. 2000) (Pl. Br. at 8), is also inapposite as that case did not address the doctrine of fraudulent joinder.[3] To the extent Plaintiffs suggest *Garbie* supports their forum manipulation by joining a party who cannot possibly recover based on well-settled law, their reliance is misplaced. Unlike this and other actions discussed above involving fraudulent joinder, *Garbie* involved a class action complaint for economic damages related to car paint that included multiple class representatives from different states, including some who were not diverse from defendant. *See Garbie*, 211 F.3d at 409; *see also id.* at 410 (noting that "no rule of law bars a class action that includes representatives from other states"). The statement from *Garbie* on which Plaintiffs rely (Pl. Br. at 8), that "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum," *Garbie*, 211 F.3d at 410, cites *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). *Caterpillar* did not address, much less support, fraudulent joinder of parties to defeat diversity jurisdiction. Rather, it recognized only that "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," and that a plaintiff "may avoid federal jurisdiction by exclusive reliance on

---

*(cont'd from previous page)*
the same transaction or series of transactions" in reference to fraudulent joinder.) Fraudulent misjoinder, which Pfizer has argued provides an independent basis for federal jurisdiction here as to each of the diverse Plaintiff families, applies where plaintiffs have improperly joined different claims that did not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). Fraudulent joinder, on the other hand, applies where a fraudulently joined plaintiff has no possibility of recovering based on the claims alleged. While Pfizer respectfully maintains that removal was also proper due to Plaintiffs' fraudulent misjoinder, that particular grounds for removal will not be addressed in this brief because this Court has already advised the parties that it will not be applied.

[3] The other two cases cited in this portion of Plaintiffs' brief (*see* Pls.' Br. at 9) merely stand for the unremarkable proposition that diversity must exist at the time the case was filed and at the time of removal. *See Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986); *Tullis v. Wal-Mart Stores, Inc.*, No. 09-935-GPM, 2009 WL 3756640, at *2 (S.D. Ill. Nov. 9, 2009) (Murphy, J.) Neither case disputes the validity of the fraudulent joinder doctrine as an exception to complete diversity.

state law." *Caterpillar*, 482 U.S. at 392. Thus, neither *Caterpillar* nor *Garbie* provide support for Plaintiffs' fraudulent joinder to avoid federal court as to the claims of the completely diverse parties here. Indeed, here, unlike in *Garbie*, where the court noted that there was "no rule of law" barring the inclusion of non-diverse parties as class representatives in a class action complaint, *Garbie*, 211 F.3d at 410, the only non-diverse plaintiff has been fraudulently joined, which is a well-recognized exception to the requirement of complete diversity.

To the extent Plaintiffs implicitly argue that the doctrine of fraudulent joinder does not apply to a fraudulently joined plaintiff, as opposed to a defendant, they are mistaken. Numerous federal courts, including courts within the Seventh Circuit, have recognized that the citizenship of a fraudulently joined *plaintiff* must be disregarded for purposes of determining diversity jurisdiction, just like that of a fraudulently joined defendant. For example, in *Lerma v. Univision Communications, Inc.*, 52 F. Supp. 2d 1011 (E.D. Wis. 1999), the court held that the fraudulent joinder doctrine applies where "the nondiverse plaintiffs cannot establish a cause of action against the defendant." *Id.* at 1014. The *Lerma* court determined that two plaintiffs in that case should be "disregarded for diversity jurisdiction purposes, removal was proper, and the claims of these two plaintiffs [were] dismissed" where the fraudulently joined plaintiffs had not pled any injury resulting from the sole defendant's allegedly wrongful conduct. *Id.* at 1027; *see also Weimerskirch v. Patriot Servs. Corp.*, No. 3:11cv00302, 2012 U.S. Dist. LEXIS 43354, at *1-2, *22 (N.D. Ohio Mar. 29, 2012) (holding fraudulently joined plaintiff did not defeat diversity jurisdiction); *Miller v. Home Depot, U.S.A., Inc.*, 199 F. Supp. 2d 502, 508 (W.D. La. 2001) ("The fraudulent joinder doctrine can be applied to the alleged fraudulent joinder of a plaintiff.").

Further, the Seventh Circuit has explained that "[d]iversity jurisdiction cannot be destroyed by joinder of *nondiverse parties* if such joinder is fraudulent," *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993) (emphasis added), and thus has not limited the doctrine to fraudulently joined defendants. In contrast, Plaintiffs cite no authority from any jurisdiction to support the notion that the fraudulent joinder doctrine cannot apply to a fraudulently joined plaintiff. In fact, as multiple courts have observed, "'[n]o federal court has determined that the

fraudulent joinder doctrine is not as applicable to plaintiffs as it is to defendants.'" *Eberspaecher N. Am., Inc. v. Van-Rob, Inc.*, No. 06-15752, 2007 U.S. Dist. LEXIS 59627, at *13 (E.D. Mich. Aug. 15, 2007) (quoting *Grennell v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 390, 396 (S.D. W. Va. 2004)). Consistent with this authority, this Court can and should find that Plaintiff Reeves was fraudulently joined and that diversity jurisdiction therefore exists as to all remaining Plaintiffs.

### B.   Plaintiff Reeves Failed to Plead a Wrongful Death Claim, and She Cannot Recover Under the Causes of Action Pled in the Complaint

Plaintiff Reeves has brought claims "as the mother and personal representative of Decedent Olivia Reeves," and she alleges that – as a result of her use of Zoloft during pregnancy – her daughter experienced "heart defects and genital malformation" and ultimately death. (Compl. ¶ 33.) Like the other Plaintiffs, Plaintiff Reeves alleges three causes of action against Pfizer: products liability, negligence, and violation of consumer protection laws. (*See id.* ¶¶ 80-127.) However, the Complaint does not assert a claim under any state's wrongful death statute.

It is well-established under New York law – and Plaintiffs do not dispute – that "[t]he power to sue for injuries incurred from the death of an individual has no basis in New York common law," but rather, "arises only from statute, the New York Estates Powers & Trusts Law § 5-4.1(1) (McKinney 1999 and Supp. [2012])." *In re Sept. 11 Litig.*, 760 F. Supp. 2d 433, 443 (S.D.N.Y. 2011).[4]   Accordingly, there is no possibility Plaintiff Reeves can obtain recovery based on any of the common law or consumer protection causes of action pled in the Complaint

---

[4] Plaintiff Reeves is and was a resident of New York, and she presumably filled her prescription for Zoloft in New York. Thus, Illinois's choice of law rules would apply New York law to her claims. *See, e.g., Gray v. Abbott Labs., Inc.*, No. 10 cv 6377, 2011 U.S. Dist. LEXIS 80189, at *9 (N.D. Ill. July 22, 2011) ("Illinois follows the Second Restatement of Laws' 'most significant relationship test' when deciding choice-of-law issues, and the court agrees with Defendants that Georgia is the state with the most significant relationship to the causes of action and the parties: Georgia is where Gray presumably purchased any Similac products and where the alleged injury to her son occurred." (citation omitted)). While Plaintiffs state in a footnote that they "do not concede" New York law applies to her claims, they make no arguments and point to no contacts that might establish some other state's law would apply. (Pls.' Br. at 7 n.1.) Indeed, they do not dispute that all the relevant contacts as to Plaintiffs' Reeves's claims are with New York, and therefore it is undoubtedly the state with the most significant relationship to her claims. Thus, Illinois's choice-of-law rules would apply New York substantive law, and federal law governs procedural issues, such as pleading requirements and the standard for fraudulent joinder.

at the time of removal.  For this reason alone, she was fraudulently joined in this action, and her presence does not destroy diversity.

In their motion to remand, Plaintiffs do not dispute that Plaintiff Reeves failed to plead wrongful death or any other cause of action from which she could recover.  In fact, they completely failed even to address this independent basis for jurisdiction, which was raised in Pfizer's notice of removal.  (*See* Pfizer's Not. of Removal [Dkt. No. 1] ¶ 54.)  As such, there is no dispute that removal was proper, independent of the statute of limitations ground discussed below.  *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921) ("If a removal is effected, the plaintiff may, by a motion to remand, plea or answer, take issue with the statements in the petition. . . .  But if the plaintiff does not take issue with what is stated in the petition, he must be taken as assenting to its truth, and the petitioning defendant need not produce any proof to sustain it.").

Indeed, even if Plaintiffs had taken issue with this basis for removal, such an argument would fail.  As Chief Judge Herndon recently observed, "[t]he Seventh Circuit has repeatedly indicated removal jurisdiction is determined at the time of removal."  *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:11-cv-20153-DRH-PMF, 2012 U.S. Dist. LEXIS 65404, at *10-11 (S.D. Ill. May 10, 2012) (collecting cases). Accordingly, in deciding whether the fraudulent joinder doctrine applies, a court should only look to "the allegations in [the] complaint" and need not consider "whether [a plaintiff] could have cured the problem with [the] complaint by amending it while in federal court."  *Poulos*, 959 F.2d at 74.[5]  As the Seventh Circuit has explained, the defendant "need not negate any possible

_____

[5] *Accord Ash v. Allstate Ins. Co.*, No. 5:10CV5, 2010 U.S. Dist. LEXIS 100158, at *6-7 (N.D. W. Va. Sept. 23, 2010) (explaining that a plaintiff cannot rely on new claims or allegations in a motion to remand that were not pled in the complaint); *In re Genetically Modified Rice Litig.*, No. 4:06 MD 1811 CDP, 2008 U.S. Dist. LEXIS 1140, at *38-39 (E.D. Mo. Jan. 7, 2008) (denying motion for reconsideration of refusal to remand case to state court because plaintiff's request for reconsideration was premised on "a new argument not based on any allegations in the complaint"); *Benavides v. Merck & Co.*, No. L-03-CV-134, 2004 U.S. Dist. LEXIS 28023, at *11 (S.D. Tex. Feb. 23, 2004) (stating that "[f]or purposes of fraudulent joinder, Plaintiff may not augment insufficient allegations in her complaint with later assertions" in her motion for remand), *adopted by* 2004 U.S. Dist. LEXIS 28018 (S.D. Tex. Apr. 15, 2004); *Ahrens v. TPLC, Inc.*, 955 F. Supp. 54, 56 (E.D. La. 1997) ("Whether or not plaintiffs fraudulently *(cont'd)*

theory that [a plaintiff] might allege in the future: only [the plaintiff's] present allegations count." *Id.*

Quite simply, "the only relevant allegations are those contained in plaintiff's complaint at the time of removal." *Yasmin & Yaz*, 2012 U.S. Dist. LEXIS 65404, at *12. In *Yasmin & Yaz*, for example, defendants removed the case to federal court on the ground that the only non-diverse defendant, a pharmacy from which plaintiff purchased the pharmaceutical product at issue, was fraudulently joined based on Alabama law. *See id.* at *3-4. While plaintiff argued that the pharmacy should be held liable for failure to warn under Alabama's products liability statute, *id.* at *8-10, the Court found that "the only claim directed against [the pharmacy in the plaintiff's amended complaint] is a claim for breach of express warranty." *Id.* at *24. Accordingly, the Court denied plaintiff's motion to remand, *inter alia*, because her argument pertaining to failure to warn did not establish a breach of express warranty claim, which was the only claim pled against the non-diverse defendant in the complaint. *See id.* at *24-25, *26-27.

Likewise, because Plaintiff Reeves's Complaint at the time of removal does not state a claim upon which relief can be granted, she was fraudulently joined and subject matter jurisdiction exists. For this reason alone, Plaintiffs' motion to remand should be denied.

### C.  Any Wrongful Death Claim That May Have Been Asserted Would Have Been Barred by the Statute of Limitations

Even if Plaintiff Reeves had pled a wrongful death claim, it would have been time-barred. Plaintiffs do not dispute that any wrongful death claim that might have been asserted by Plaintiff Reeves would be subject to New York's two-year statute of limitations.[6] (*See* Pls.'s Mot. to

---

*(cont'd from previous page)*
joined the non-diverse defendant is based on an analysis of the causes of action alleged in the state court petition at the time of removal.").

[6] As explained in Pfizer's notice of removal, the New York Court of Appeals has held that tolling for infancy "does not apply to toll the Statute of Limitations" applicable to a wrongful death claim. *Baez v. New York City Health & Hosps. Corp.*, 607 N.E.2d 787, 787-88 (N.Y. 1992). Further, the discovery rule does not apply to wrongful death actions. *See Annunziato v. City of New York*, 647 N.Y.S.2d 850, 854 (App. Div. 1996). Even if the discovery rule did apply, it would not save Plaintiff Reeves's claims because the action would still have had to have been filed three years from the date of discovery of the injury or, if the alleged cause is not known at the time the injury is discovered but is discovered within
*(cont'd)*

Remand at 5-7.)  They argue only that it should not apply based on purported tolling for fraudulent concealment.  (*See id.*)  Yet Plaintiff Reeves has not adequately pled – and there is no possibility that she could establish – fraudulent concealment for statute of limitations purposes.

As a general matter, the doctrine of fraudulent concealment for purposes of the statute of limitations should "be applied sparingly" and only where there exist "[e]xtraordinary circumstances."  *Greer v. Bank One*, No. 1 C 7352, 2002 U.S. Dist. LEXIS 13715, at *7 (N.D. Ill. July 23, 2002) (citing *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)), *aff'd sub nom. Greer v. County of Cook*, 54 F. App'x 232 (7th Cir. 2002).  To establish fraudulent concealment, the plaintiff must allege "deliberate efforts by the defendant to prevent the plaintiff from suing within the applicable statute of limitation."  *Greer*, 2002 U.S. Dist. LEXIS 13715, at *7 (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452 (7th Cir. 1990); *Thomas v. Ocwen Fed. Bank FSB*, No. 01 C 4249, 2002 U.S. Dist. LEXIS 1231, at *9 (N.D. Ill. Jan. 23, 2002)).  The plaintiff must plead specific facts that establish "'efforts by the defendant, above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time.'"  *Kremers v. Coca-Cola Co.*, 712 F. Supp. 2d 759, 765 (S.D. Ill. 2010) (Murphy, J.) (quoting *Shropshear v. Corporate Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001)); *accord Kaufman v. Cohen*, 760 N.Y.S.2d 157, 167 (App. Div. 2003).  It is not sufficient for Plaintiffs to simply allege that a fraud had been committed.  Rather, a plaintiff must plead the defendant took "active steps" with the specific purpose of preventing plaintiff from filing a complaint, such as "'hiding evidence or promising not to plead the statute of limitations.'"  *Shanoff v. Ill. Dep't of Human Servs.*, 258 F.3d 696, 702 (7th Cir. 2001) (quoting *Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 394 (7th Cir. 2000)).  "'[S]ilence alone

---

*(cont'd from previous page)*
five years after discovery of the injury, within one year after such discovery of the alleged cause.  *See* N.Y. C.P.L.R. 214-c(2), (4) (McKinney 2003).  In other words, at most, assuming the discovery rule applied (and it does not) and Plaintiff Reeves could satisfy all of its provisions, N.Y. C.P.L.R. 214-c(4) would provide a six-year period from the date of death, in November 2005, or a limitation of November 2011.

on the part of the defendant, accompanied by the failure of the plaintiff to discover the cause of action, ordinarily does not constitute fraudulent concealment.'" *Kremers*, 712 F. Supp. 2d at 765 (quoting *Chicago Park Dist. v. Kenroy, Inc.*, 402 N.E.2d 181, 185 (Ill. 1980)). Courts frequently find fraudulent concealment to be inapplicable as a matter of law based on the allegations in a complaint. *See Abercrombie v. Andrew College*, 438 F. Supp. 2d 243, 265 (S.D.N.Y. 2006) ("[W]ithout adequate pleading, the issue [of fraudulent concealment] is not properly raised and therefore cannot defeat a motion to dismiss based on statute of limitations grounds.").

Plaintiff Reeves's attempt to rely on fraudulent concealment to toll the statute of limitations fails for three independent reasons:  First, a "'plaintiff seeking to toll the applicable statute of limitations due to fraudulent concealment . . . must meet the particularity standard of [Federal] Rule [of Civil Procedure] 9(b).'" *SEC v. Wyly*, 788 F. Supp. 2d 92, 104 & n.81 (S.D.N.Y. 2011) (ellipsis in original) (quoting *In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498, 513-14 (S.D.N.Y. 2004)).  As the Seventh Circuit has explained, Rule 9(b) "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case."[7] *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011).  This requires a plaintiff to allege "'"the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."'" *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (citations omitted).

Plaintiff Reeves's vague and conclusory allegations pertaining to fraudulent concealment do not even come close to satisfying these particularity requirements.  She merely alleges that

---

[7] Illinois courts impose a similar requirement. *See Bd. of Educ. v. A, C & S, Inc.*, 546 N.E.2d 580, 594 (Ill. 1989) ("[A] plaintiff must at least plead with sufficient particularity facts establishing the elements of fraud, including what misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made.").  In fact, the Illinois Supreme Court has indicated that Illinois state courts impose an even greater burden on plaintiffs to plead fraud with specificity than federal courts. *See id.* at 593-94 (referring to Fed. R. Civ. P. 9(b) as "more lenient" than the rule in Illinois).

"Pfizer, through its affirmative misrepresentations and omissions, actively concealed from Plaintiffs and their prescribing physicians the true risks associated with taking Zoloft and Plaintiffs' potential cause of action against it" and that "Pfizer falsely represented or concealed material facts concerning the dangers and risks of Zoloft use." (Compl. ¶¶ 77-78.)  Nowhere does she explain, for example, what the content of the supposed misrepresentations was, how they were communicated, the identity of the person or persons who allegedly made them, when they were made, when and where they were received, or the medium by which they were communicated.  This lack of particularity is especially significant in this case because the general allegations in the Complaint are meant to apply to 39 different Plaintiff groups, but they fail to allege separate facts with respect to each Plaintiff.  It is impossible for all 39 Mother Plaintiffs to have heard the same representation, at the same time, in the same location, from the same source, and to have relied on it in the same way – especially considering they allege separate injuries that occurred over the course of nearly two decades in 19 different states.  For all these reasons, Plaintiff Reeves's vague assertion of fraudulent concealment does not satisfy Federal Rule of Civil Procedure 9(b) and therefore cannot be used to defeat the statute of limitations defense.

Second, although the fraudulent concealment allegations are lacking in detail, it is clear that Plaintiff Reeves is attempting to base fraudulent concealment on the same allegations underlying her failure to warn claim.  The only facts she alleges Pfizer concealed were "Zoloft's dangerous propensities" and "the true risks and effects of Zoloft."  (Compl. ¶ 78.)  However, fraudulent concealment cannot be based on "'the wrongdoing upon which the plaintiff's claim is founded.'"  *Kremers*, 712 F. Supp. 2d at 765 (quoting *Shropshear*, 275 F.3d at 595); *accord Kaufman*, 760 N.Y.S.2d at 167.  Yet Plaintiff Reeves attempts to do just that.  Essentially, she argues that Pfizer fraudulently concealed her claims, which are based on allegations that Pfizer misrepresented risks associated with Zoloft, by arguing that Pfizer misrepresented risks associated with Zoloft.  This is not permitted under New York law.  *See, e.g., Duberstein v. Nat'l Med. Health Card Sys., Inc.*, 829 N.Y.S.2d 95, 95 (App. Div. 2011) (holding "equitable estoppel

was unavailable because the claimed misrepresentation or concealment was not separate and distinct from the acts underlying the action itself").

For example, in another case involving allegations that a prescription medicine caused birth defects, a New York court rejected the very argument Plaintiffs are attempting to make here. In *Greene v. Abbott Laboratories*, 521 N.Y.S.2d 382 (Sup. Ct. 1987), the plaintiff attempted to bring a wrongful death claim on behalf of his daughter based on allegations that her exposure to diethylstilbestrol ("DES") while her mother was pregnant ultimately resulted in her death. *Id.* at 383-84. Plaintiff argued, *inter alia*, that the statute of limitations did not bar his claims because the "DES manufacturers misled consumers and breached a continuing duty to warn of risks associated with DES by concealing facts which would have connected decedent's cancer and death with the ingestion of DES by her mother." *Id.* at 385. The *Greene* court rejected plaintiff's argument and dismissed the claims as time-barred because "a manufacturer's duty to warn consumers of known defects in its products may not act to toll the statute of limitations relating to a wrong which has already occurred." *Id.* If Plaintiff Reeves had actually pled a wrongful death claim, she would be in the same position as the plaintiff in *Greene* and her fraudulent concealment argument should be rejected for the same reasons.

Third, even if Plaintiff Reeves's allegations were pled with particularity (which they are not), they would still be inadequate to establish fraudulent concealment because she has not alleged Pfizer "*intended* to prevent [her] from discovering [her] claims or 'to lull or induce' [her] 'into delaying the filing' of [her] claims." *Clifton v. I-Flow Corp.*, No. 11 C 627, 2011 U.S. Dist. LEXIS 123613 (N.D. Ill. Oct. 26, 2011) (citations omitted). Rather, Plaintiff Reeves only alleges that Pfizer acted with "the intent that Physicians to [sic] prescribe Zoloft and for Plaintiffs to continue to purchase and ingest it." (Compl. ¶ 78.) That allegation does not show Pfizer acted with the specific purpose of obtaining delay on Plaintiff Reeves's part in filing a complaint, which is required in New York to plead fraudulent concealment for tolling purposes.

For example, in *Gross v. New York City Health & Hospitals Corp.*, 505 N.Y.S.2d 678 (App. Div. 1986), a plaintiff sued her healthcare providers for malpractice because her child was

born with paralysis of the left shoulder and arm. *Id.* at 678. Plaintiff in that case argued the limitations period should not have run from the time of injury because someone from the medical staff supposedly told her that her daughter's condition was "an 'Act of God' and 'some form of birth defect.'" *Id.* at 679. The court held that allegation was insufficient to defeat defendants' statute of limitations defense because, *inter alia*, "there is nothing upon which to predicate a finding of scienter on the hospital's part, i.e., that it deliberately intended to dissuade [plaintiff] from seeking legal redress." *Id.*; *accord Kuhlman v. Westfield Mem'l Hosp.*, 623 N.Y.S.2d 682, 683 (App. Div. 1995). Likewise, in this case, Plaintiff Reeves does not allege that Pfizer acted with the specific intent of deliberately dissuading her from filing a claim. For this reason too, Plaintiffs' fraudulent concealment argument fails.

For all the above reasons, even if Plaintiff Reeves had pled a wrongful death claim, it would be time-barred, and not subject to tolling, under well-settled law.[8] Accordingly, Plaintiff Reeves has been fraudulently joined and her citizenship must be disregarded for the purposes of determining subject matter jurisdiction, which indisputably exists as to all remaining Plaintiffs.

## II. The Pending Bankruptcy of Plaintiff Gray Provides an Independent Basis for Jurisdiction

Federal courts have jurisdiction over actions, such as this one, that are "related to" a bankruptcy proceeding. 28 U.S.C. §§ 1334(b), 1452(a). Plaintiffs concede that Plaintiff Gray filed a voluntary Chapter 13 petition in the United States Bankruptcy Court Middle District of Alabama. (*See* Pls.' Br. at 14.) Thus, in addition to the existence of diversity jurisdiction as explained above, federal subject-matter jurisdiction exists as to Plaintiff Gray's claims under

---

[8] The few New York cases cited by Plaintiffs do not support a contrary conclusion. In fact, in *Harkin v. Culleton*, 544 N.Y.S.2d 432 (Sup. Ct. 1989), *aff'd in part, modified in part*, 554 N.Y.S.2d 478 (App. Div. 1990), the appellate court actually reversed the trial court's decision cited by Plaintiffs with respect to the statute of limitations issue. *See Harkin v. Culleton*, 554 N.Y.S.2d 478, 481 (App. Div. 1990) ("We reverse [the trial court], and reinstate the Statute of Limitations defense interposed by [defendant] against the malpractice cause of action . . . ."). Further, in *Hinds County v. Wachovia Bank N.A.*, 811 F. Supp. 2d 910, 912 (S.D.N.Y. 2011), also cited by Plaintiffs, the court found that a substantial portion of plaintiffs' claims were time-barred and that they could not establish fraudulent concealment. *See id.* at 912 (holding that "the Court agrees that all those Cotchett Complaints filed after November 15, 2010 must be dismissed as to claims asserted against GE/Trinity").

§ 1334(b), which provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11 [i.e., the Bankruptcy Code]," and § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." These statutes, read together, extend federal subject-matter jurisdiction to Plaintiff Gray's claims because any potential monetary recovery in this case would directly increase the value of her bankruptcy estate, and therefore her claims against Pfizer are "related to" her bankruptcy action. *See Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1235 n.10 (3d Cir. 1994) ("[R]emoval pursuant to § 1452 was appropriate because the Phar-Mor/Coopers lawsuit will have a direct and substantial impact on the size of Phar-Mor's asset pool available for distribution to creditors and therefore is 'related to' the bankruptcy case pending in Ohio.").

Plaintiffs' arguments to the contrary are unavailing. First, Plaintiffs mistakenly argue that, because "there is no guarantee that Ms. Gray will recover for her alleged injuries or whether her claims will survive a summary judgment," bankruptcy jurisdiction should not apply as it is uncertain whether the action will affect the bankruptcy estate. (Pls.' Br. at 14-15.) Plaintiffs cite no law to support this proposition, and Pfizer believes there is none. To the contrary, it is well-settled that bankruptcy jurisdiction extends to pending claims that *might* increase or decrease the bankruptcy estate, regardless of whether such recovery is guaranteed. *See, e.g., Calumet Nat'l Bank v. Levine*, 179 B.R. 117, 120 (Bankr. N.D. Ind. 1995) (finding bankruptcy jurisdiction over "claims that *might* result in a substantial judgment against [debtor] and, in turn, a claim against the bankruptcy estate" (emphasis added)). Further, as the Seventh Circuit has held, bankruptcy jurisdiction extends to "tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum." *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994). Plaintiffs' argument – that bankruptcy jurisdiction only applies

where recovery is certain – would basically render the statute meaningless because it would only apply in cases where the claims have already been resolved, thereby defeating the purpose of extending federal jurisdiction over the lawsuit.

Second, Plaintiffs mistakenly argue that this Court does not have jurisdiction over the claims of Plaintiff Gray's child or "any of the other thirty-nine [sic] mother-child Plaintiffs" because they have not filed for bankruptcy. (Pls.' Br. at 15.) However, 28 U.S.C. § 1367 provides that supplemental jurisdiction may apply to the claims of Plaintiff Gray's child. The claims of Plaintiff Gray's child are "so related to" the her mother's claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Both Plaintiffs' claims directly arise from the personal injuries of the minor plaintiff that they allege were connected to Plaintiff Gray's use of Zoloft. Accordingly, they are part of the same case or controversy and supplemental jurisdiction applies to the claims of Plaintiff Gray's child. *See Shared Network Users Group, Inc. v. Worldcom Techs., Inc.*, 309 B.R. 446, 450 (E.D. Pa. 2006) (explaining that principles of supplemental jurisdiction "apply when the issue involves removal under § 1452").

Further, the remaining Plaintiffs should be judicially estopped from denying that supplemental jurisdiction extends to their claims as well because they have taken the position that their "claims arise out of the same series of transactions and occurrences." (Pls.' Br. at 2.) "Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." *Molding Sys. Eng'g Corp. v. Molding Sys. Eng'g Corp.*, No. 04-668-GPM (S.D. Ill. Nov. 22, 2005). "The purpose of the doctrine is 'to protect the integrity of the judicial process,' by 'prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest.'" *Browning Mfg. v. Mims* (In re Coastal Plains, Inc.), 179 F.3d 197, 205 (5th Cir. 1999) (alteration in original) (citation omitted). It applies "where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *Id.* at 206 (citation omitted). In this case, the doctrine of judicial estoppel precludes Plaintiffs from denying the Court can extend supplemental jurisdiction over their claims when it has jurisdiction over Plaintiff Gray's claims. While Pfizer respectfully

maintains that the separate Plaintiff groups' claims were misjoined and do not arise out of the same transaction or occurrence, Plaintiffs have argued to the contrary. But they cannot argue, on the one hand, that their claims all arose out of the same transaction or series of transactions for purposes of permissive joinder and then, on the other hand, make the inconsistent argument that their claims are not related for supplemental jurisdiction purposes. Indeed, section 1367 explicitly provides that "supplemental jurisdiction shall include claims that involve the joinder . . . of additional parties." 28 U.S.C. § 1367(a). As such, Plaintiffs should be judicially estopped from denying supplemental jurisdiction extends to their claims.

Third, Plaintiff Gray's argument that mandatory abstention should apply is also incorrect. In order for mandatory abstention to apply, it is necessary that Plaintiff Gray's action "could not have been commenced in [federal court] absent jurisdiction under this section." 28 U.S.C. § 1334(c)(2). That is not the case with respect to the claims of Plaintiff Gray because there is complete diversity between Plaintiff Gray, a citizen of Alabama, and Pfizer, a citizen of New York and Delaware. Thus, mandatory abstention does not apply.

Finally, Plaintiffs allude to discretionary abstention but make no persuasive argument to support its application. (*See* Pls.' Br. at 15.) Congress has expressly extended federal jurisdiction to civil proceedings, such as this one, where "*the outcome of that proceeding could conceivably have [an] effect on the estate being administered in bankruptcy*." *In re Velocita Corp.*, 169 F. App'x 712, 715 (3d Cir. 2006) (citation omitted); *accord Zerand–Bernal Group*, 23 F.3d at 164. Courts have observed that discretionary "[a]bstention is an 'extraordinary and narrow exception' to the federal court's duty to adjudicate a controversy properly before it." *E. Air Lines, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers*, 108 B.R. 951, 954 (Bankr. S.D.N.Y. 1989) (citation omitted). Congress has expressed an "intent to broaden the jurisdictional scope of bankruptcy proceedings in order to bring into one forum all matters related to the bankruptcy case so as to facilitate the prompt administration of the bankruptcy proceeding." *Id.* at 955. Here, Plaintiffs have presented no specific argument in favor of

discretionary abstention and make no more than a passing reference to the doctrine. Accordingly, Plaintiffs have failed to meet their heavy burden of establishing discretionary abstention.

### III.   At Minimum, the Court Should Defer Consideration of Plaintiffs' Motion to Remand Pending MDL Transfer Because This Case Does Not Present an "Easy Call" in Favor of Remand

In the alternative, Pfizer respectfully submits that the Court should defer ruling on Plaintiffs' motion to remand pending the JMPL's ruling on MDL transfer. While Plaintiffs urge the Court to conduct a preliminary jurisdictional assessment under the framework set forth in *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048 (E.D. Wis. 2001), a stay is appropriate even under the *Meyers* framework.[9] As the *Meyers* court recognized, if the need to remand is not obviously apparent, then a stay may be appropriate where, as here, the issues overlap with those in other cases in the MDL. *Id.* at 1049. Indeed, the *Meyers* court ultimately granted defendants' motion to stay pending MDL transfer in that case because it found the jurisdictional issues were "not an easy call." *Id.* at 1053. As explained *supra*, subject matter jurisdiction exists in this case because the only non-diverse plaintiff was fraudulently joined. At minimum, this case does not present an "easy call" in favor of remand that might support denial of Pfizer's motion to stay. *Id.* at 1053; *see also Freisthler v. DePuy Orthopaedics, Inc.*, No. CV 11-0658 DSF (FFMx), 2011 WL 4469532, at *1-2 & n.1 (C.D. Cal. Sept. 21, 2011) (granting defendant's motion to stay because, even if the *Meyers* framework was applied, the court's lack of jurisdiction was not "'readily apparent'" (citation omitted)). Thus, the Court should stay all proceedings pending a decision by the JPML on the transfer of this action to the Zoloft MDL proceeding.

---

[9] As Pfizer set forth in its motion to stay, district courts – including other courts presiding over Zoloft actions – have routinely stayed cases despite the pendency of remand motions, or otherwise deferred ruling on such motions, where MDL transfer is imminent, which is the case here. (*See* Pfizer's Mot. to Stay [Dkt. No. 7] at 7-9.) In addition, the JPML has repeatedly transferred actions with pending remand motions to the MDL court over plaintiffs' opposition to a CTO because the MDL transferee court is well-suited to decide such jurisdictional issues, especially where, as here, they are likely to be raised in multiple cases in the MDL. *See, e.g., In re Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011); *see also In re Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig.*, 582 F. Supp. 2d 1373, 1375 (J.P.M.L. 2008).

## CONCLUSION

For all of the reasons stated above, the Court should deny Plaintiffs' motions to remand.

Alternatively, the Court should defer consideration of Plaintiffs' motion to remand.

Dated: July 18, 2012                              Respectfully submitted,

                                                  /s/ Charles L. Joley
                                                  Charles L. Joley Bar No. 6188622
                                                  JOLEY, NUSSBAUMER, OLIVER,
                                                  DICKERSON & BEASLEY, P.C.
                                                  8 East Washington Street
                                                  Belleville, Illinois 62220
                                                  Tel: (618) 235-2020
                                                  Fax: (618) 235-9632
                                                  Email: cjoley@ilmoattorneys.com

                                                  Catherine B. Stevens (admitted pro hac vice)
                                                  SKADDEN, ARPS, SLATE, MEAGHER &
                                                    FLOM LLP
                                                  Four Times Square
                                                  New York, New York 10036
                                                  Telephone: (212) 735-3000
                                                  Facsimile: (212) 735-2000/1
                                                  Email: Catherine.Stevens@Skadden.com

                                                  *Counsel for Defendant Pfizer Inc*

## CERTIFICATE OF SERVICE

I hereby certify that, this 18th day of July, 2012, I have electronically filed a copy of the above and foregoing with Clerk of the Court using the ECF system which sent notification of such filing to counsel of record.

Christopher Cueto       ccueto@cuetolaw.com

Michael Gras            mjgras@cuetolaw.com

                                                  /s/ Charles L. Joley____
                                                  Charles L. Joley