**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **OLIVIA REEVES, et al.,** )   )   **Plaintiffs,** )   )   vs. )   )   **PFIZER, INC.,** )   )   **Defendant.** ) | **CIVIL NO. 12-760-GPM** |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiffs filed this action in St. Clair County, Illinois, alleging products liability, negligence, and violation of consumer protection laws against Defendant, manufacturer of the prescription drug Zoloft–the ingestion of which Plaintiffs claim led to injuries including congenital birth defects of the minor Plaintiffs (Doc. 2-1). Defendant Pfizer removed the case, citing the Court's diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 2). The case is now before the Court on Plaintiffs' motion to remand (Doc. 10). The Court heard arguments from both parties on Plaintiffs' motion to remand on July 20, 2012. For the following reasons and those expressed on the record, Plaintiffs' motion to remand is **GRANTED.**

Defendant Pfizer is incorporated in Delaware with its principal place of business in New York (Doc. 2). Pfizer is therefore a citizen of Delaware and New York. 28 U.S.C. § 1332(c)(1). Plaintiff Evelyn Reeves is also a citizen of New York (Doc. 2). As the proponent of federal jurisdiction, Pfizer "bears the burden of demonstrating that the requirements for diversity are met. Specifically [that party] must establish complete diversity, meaning that no plaintiff may be from

the same state as any defendant." *Smart v. Local 702 Intern. Broth. of Elec. Workers,* 562 F.3d 798, 803 (7th Cir. 2009) (internal citations and quotations omitted). The parties here are clearly not completely diverse–Ms. Reeves and Pfizer are all citizens of New York. Pfizer nevertheless argues that the Court has subject matter jurisdiction under 28 U.S.C. § 1332, invoking the concepts of "fraudulent misjoinder" and fraudulent joinder. Defendant also claims that the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) as Plaintiff Felicia Gray has a case pending in the United States Bankruptcy Court of the Middle District of Alabama.

<u>Fraudulent Misjoinder</u>

The Court did not entertain oral arguments on the fraudulent misjoinder theory of removal, as this Court has routinely held that fraudulent misjoinder is not a valid basis for federal subject matter jurisdiction. Fraudulent misjoinder is distinct from fraudulent joinder–joining a nondiverse defendant in an attempt to avoid federal diversity jurisdiction. *Walton v. Bayer Corp.,* 643 F.3d 994, 999 (7th Cir. 2011). Fraudulent joinder is a difficult-to-establish "exception to the requirement of complete diversity" which prevents remand. *Id.; Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 764 (7th Cir. 2009). "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or when there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir. 1993). Fraudulent misjoinder (or "procedural misjoinder") on the other hand, would permit a federal court to find complete diversity when plaintiffs have "egregious[ly]" misjoined their, non-fraudulent, claims. *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353 (11th Cir. 1996). Neither the Seventh Circuit nor the United States Supreme Court have considered the validity of the fraudulent misjoinder doctrine. However, several District Judges in this District,

including the undersigned, have considered and rejected the doctrine. *See Aranda v. Walgreen Co.,* No. 11-cv-654-JPG-DGW, 2011 WL 3793648 (S.D.Ill. Aug. 24, 2011); *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation,* 779 F.Supp.2d 846 (S.D.Ill. 2011); *Baker v. Johnson & Johnson,* 709 F.Supp.2d 677 (S.D.Ill. 2010); *Rutherford v. Merck & Co.,* 428 F.Supp.2d 842 (S.D.Ill. 2006).

This Court holds to the rationale discussed at length in *Rutherford*, most notably that fraudulent misjoinder "is an improper expansion of the scope of federal diversity jurisdiction by the federal courts." *Rutherford,* 428 F.Supp. 2d at 852. The undersigned has issued several orders summarizing *Rutherford* in detail and finds it unnecessary to rehash here. *See Baker v. Johnson & Johnson,* 709 F.Supp.2d at 686; *Anderson v. Bayer Corp.,* No. 09-988-GPM, 2010 WL 148633 (S.D.Ill. Jan. 13, 2010); *Lecker v. Bayer Corp.,* No. 09-991-GPM, 2010 WL 148627 (S.D.Ill. Jan. 13, 2010); *Bancroft v. Bayer Corp.,* No. 09-990-GPM, 2010 WL 148628 (S.D.Ill. Jan. 13, 2010); *Brown v. Bayer Corp.,* No. 09-989-GPM, 2010 WL 148629 (S.D.Ill. Jan. 13, 2010); *Robinson v. Ortho-McNeil Pharmaceutical, Inc.,* 533 F.Supp.2d 838, 842 (S.D.Ill. 2008).

Fraudulent Joinder

Pfizer's fraudulent joinder argument does not get them much farther. "The 'fraudulent joinder' doctrine...permits a district court considering removal to disregard, for jurisdictional purposes, the citizenship of certain nondiverse *defendants*, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction. *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 763 (7th Cir. 2009) (emphasis added). Pfizer asks the Court to apply this doctrine here, as Ms. Reeves–the only nondiverse *plaintiff*–states no claim under New York law (Pfizer argues that her claim is clearly barred by the statute of limitations). Defendant argues that the Court

can and should determine whether Ms. Reeves had a valid claim at the time of removal, pointing the Court to the Seventh Circuit's decision in *LeBlang Motors, Ltd. v. Subaru of America, Inc.,* in which the Seventh Circuit found that the statute of limitations had run as against certain defendants and those defendants had, consequently, been correctly dismissed under the fraudulent joinder doctrine. 148 F.3d 680, 690-91 (7th Cir. 1998). Evaluating Ms. Reeves claim raises a choice of laws issue, as this case was brought in Illinois, yet Ms. Reeves ingested Zoloft and allegedly suffered her injury in New York. Plaintiffs dispute Pfizer's contention that New York State law must apply to a statute of limitations analysis–or any analysis of the validity of Ms. Reeves's claim. *See Schur,* 577 F.3d at 763 ("In conducting this analysis, a district court must turn to state law to determine whether the plaintiff has any reasonable possibility of success.").

The Court, however, will not delve into the choice of laws issue. While some district courts have found that fraudulent joinder can apply to both defendants and plaintiffs, the Seventh Circuit has never affirmatively addressed this issue. *See e.g. Taco Bell Corp. v. Dairy Farmers of America,* 727 F.Supp.2d 604, 607 (W.D.KY 2010) ("[T]here is no significant difference between fraudulent joinder of plaintiffs and fraudulent joinder of defendants."); *Miller v. Home Depot, U.S.A., Inc.,* 199 F.Supp.2d 502, 508 (W.D.La 2001) ("The fraudulent joinder doctrine can be applied to the alleged fraudulent joinder of a plaintiff."): *Sims v. Shell Oil Co.,* 130 F.Supp.2d 788, 789 (S.D.Miss. 1999) ("The principles of the doctrine of fraudulent joinder...apply to fraudulently joined defendants as well as fraudulently joined plaintiffs."); *but see Johnston Industries, Inc. v. Milliken & Co.,* 45 F.Supp.2d 1308, 1312 (M.D.Ala. 1999) ("[T]he court finds that the application of the doctrine of fraudulent joinder of a defendant does not extend to include the alleged fraudulent joinder of a plaintiff."). Without contrary direction from the Seventh Circuit, this Court finds that extending the

doctrine of fraudulent joinder to joinder of plaintiffs would be, like fraudulent misjoinder, a massive increase to this Court's jurisdiction. Defendant's argument has not convinced the Court that the fraudulent joinder doctrine is or should be so expanded. Pfizer may very well have a viable statute of limitations defense, but they will need to bring it before the state court.

Bankruptcy Jurisdiction

District courts have "original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b). Pfizer claims that Plaintiff Gray's claim here relates to her pending bankruptcy because the monetary award she seeks would directly increase the value of her bankruptcy estate. Plaintiffs argue that this action is not related to Ms. Gray's bankruptcy action, as there is no guarantee she will recover, and because her claims arise out of injury to her child. More convincingly, Plaintiffs also argue for this Court's abstention under 28 U.S.C. § 1334(c)(1), (2). Section (c)(2) calls for mandatory abstention if: (1) the proceeding is based on a state law claim which does not arise under Title 11; (2) the proceeding could not have been commenced in federal court but-for the bankruptcy; and (3) an action is commenced in state court which can timely adjudicate the cause of action. Given the non-applicability of fraudulent mis/joinder here, all three (c)(2) factors are met. And, in any case, the Court would otherwise choose to abstain under (c)(1).

Plaintiffs' motion to remand is **GRANTED**. Pfizer's pending motion to stay the case pending a decision by the Judicial Panel of Multidistrict Litigation shall be termed as **MOOT** (Doc. 7). This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. The Clerk of Court is directed to transmit a certified copy of this Order to the clerk of the state court and to close the file of this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: July 23, 2012

                                                      s/ *G. Patrick Murphy*
                                                    G. PATRICK MURPHY
                                                    United States District Judge